UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Joseph C.,**

    Plaintiff,

  v.

**Commissioner of Social Security,**

    Defendant.

21-cv-6684-MJP

# ORDER

Plaintiff Joseph C. filed an action seeking judicial review of the decision of the Commissioner of Social Security, which denied his claim of Social Security Disability Benefits pursuant to 42 U.S.C. § 405(g). Both parties filed motions for judgment on the pleadings and oral argument was held before the undersigned on December 5, 2023. For the reasons stated by the undersigned on the record during that appearance, Plaintiff's motion for judgment on the pleadings was granted and the Commissioner's motion for judgment on the pleadings was denied. (Order, ECF No. 13, Mar. 12, 2024.) The Court thus intended to remand this matter.

Accordingly, the Clerk of the Court entered judgment in this case on March 13, 2024. (ECF No. 14.) Roughly two months later, in Mid-May, Plaintiff's attorney filed a suggestion of death pursuant to Fed. R.

1

Civ. P. 25. (ECF No. 15, May 14, 2024.) To determine if Plaintiff died during the pendency of this action or before it began, the undersigned ordered Plaintiff's attorney to file a copy of Plaintiff's death certificate on the docket. (Text Order, ECF No. 16, May 14, 2024.) Plaintiff's death certificate disclosed that he died on August 10, 2021. (Letter at 1 & Ex. A (Plaintiff's Death Certificate), ECF No. 17, May 23, 2024.) Plaintiff's attorneys began this lawsuit on November 8, 2021. (Compl., ECF No. 1.)

Thus, in response to Plaintiff's attorney's efforts to substitute under Fed. R. Civ. P. 25, the Court informed their office that "Fed R. Civ. P. 17(a)(3), not Fed. R. Civ. P. 25, is the applicable rule for substitution here because Plaintiff predeceased the complaint." (Text Order, ECF No. 21 (citing *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 80 (E.D. Pa. 2005)).) The Court likewise denied Plaintiff's attorney's motion for attorneys' fees under EAJA, 28 U.S.C. § 2412, reasoning that such an application was procedurally improper until the "real party in interest" was substituted. (*Id.* (quoting Fed. R. Civ. P. 17(a)(1).) Despite this Court's orders, no substitution has taken place for several months.

The drafters of the Federal Rules intended Rule 17 "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 380 F. Supp. 2d 243, 248 (S.D.N.Y. 2005) (quoting Advisory Committee note to Rule 17(a)). Here, Plaintiff's attorneys

identified the party to be substituted months ago. (Letter, ECF No. 17 ("We intend to seek to substitute [name omitted] as the appropriate party to this action.")). Yet their office has not filed a motion to substitute. If this substitution fell under Rule 25, for example, the Court would have already been required to dismiss the case as more than 90 days have passed since Plaintiff's death was noted on the record. Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). Fortunately, Rule 25 is inapplicable. Still, the Court has grown weary of the delay in resolving this matter and is therefore issuing this order.

## CONCLUSION

Because substitution here falls under Rule 17, only "after an objection" can the Court dismiss Plaintiff's case for failure to substitute. Fed. R. Civ. P. 17(a)(3). That does not mean the Court will wait until the Commissioner lodges an objection. Given the delay in resolving this matter, the Court **ORDERS** as follows:

*First*, if no motion for substitution is filed within 30 days of the date of entry of this order, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to comply with this order, and alternatively under Fed. R. Civ. P. 17 if the Court determines that is appropriate.

*Second*, if no motion for substitution is filed within 30 days of the date of entry of this order, the Court determines that an award of attorneys' fees would be inappropriate pursuant to EAJA. 28 U.S.C. § 2142(d)(1)(A).

**SO ORDERED.**

Dated: August 19, 2024
Rochester, NY

_/s/ Mark W. Pedersen_
MARK W. PEDERSEN
United States Magistrate Judge